IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER PAVEY, )
)
Plaintiff, )
)
v. ) CAUSE NO. 3:03 cv 0662 RM
)
P. CONLEY et al., )
)
Defendants. )

Plaintiffs' MEMORANDUM IN SUPPORT
OF Responce To Defendants Motion

This is an action brought pursuant to 42 U.S.C. § 1983 by Christopher R. Pavey, a state prisoner who sees absolutely no justification in the defendants giving his Criminal History in a Civil Proceeding, because neither the charges or Sentence(s) would give defendants the authority to ingage in an unprovoked attack on Plaintiffs person resulting in serious bodily injury, or to conspire against him in the effort to cover up such incident.

The plaintiff sues six present and former members of the custody staff of the Maximum Control Facility ("M.C.C.") in Westville, Indiana, alleging that they used excessive force against him during a cell extraction on October 14, 2004. That issue arises under the Eighth Amendment to be free from cruel and unusual punishment.

Pg. 1.

The plaintiff asserted other claims against various individuals, but this Court dismissed them on January 6, 2004, because Plaintiff failed to state sufficant claim and was informed by Para Legals that he could not appeal their dismissal, though Plaintiff stated in his "Responce To Order For Status Report (2)", he would have contested this dismissal had he the legal knowledge to do so.

The Plaintiff notes that of the six Defendants being sued, Casiano has never been served by the U.S. Marshals Service, and neither Casiano or Shepard have given responce to claim and a default judgment should be entered against them, since they have never been dismissed by Court Order and the Attorney General has been made aware of their status as Defendants and acknowledged such in their Statement of Material Facts.

The Plaintiff attaches to this memorandum an Affidavit and Case Law showing that the Plaintiff did timely pursue available administrative remedies following the attack. Also it will show that there was Administrative action taken upon verbal grievance made by the Plaintiff.

Because the Plaintiff exhausted the available Administrative remedy, he may maintain the instant suit. Accordingly, the Court should dismiss the Defendants Motion For Summery Judgment and enter judgment in favor of Plaintiff.

## STATEMENT OF MATERIAL FACTS

As the Court described the claim in it's memorandum and order of January 6, 2004 (document 4), Plaintiff alleges that October 14, 2001, Officers Conley, Watts, Grott, Casiano, Shepard, and Beaty used excessive force on him without cause; which was proven by the finding of Not Guilty and the expungment of Report Of Conduct(s) from his Record.

The following is a responce to facts derived from the declaration of Pam Bane, submitted with and in support of defendant's motion for summary judgment.

Under the Administrative Procedures - Manual Of Policies And Procedures 00-02-301 "The Offender Grievance Process" Section: V. Non-Grievable Items;

Part: A. An offender may not grieve Federal, State and Local Law and;

Part: F. An Offender may not grieve issues for which he is receiving Disciplinary Actions ;e. Report of Conduct (this is what, then Case Manager, Pam Bane told this Plaintiff on the date she informed him she would contact the Major about this incident; as noted in the "Additional Witnesses" section of initial filing). Offender was unable to write durring the two working days allowed after the event to submitt a grievance, however, in accordance with Policy 00-02-301

Section: XIX. Transfer or Release From Supervision:

Plaintiff did, in good faith, try to pursue or originate a formal grievance at a facility from which he/she has been transferred or released from supervision only under the following conditions;

Part: A. If a complaint was submitted (every time I spoke with Sgt's., Lt's., Counselor/Case Manager, and especially the interview with Major Payne and Lt. Gambrel) or a formal grievance initialed prior to the transfer or release, the offender may exhaust the administrative remedies <u>available</u> through the grievance process at the former facility regarding the incident.

Part: B. A new complaint against a former facility regarding transfer of property or funds may be initiated within ninty (90) calendar days from the date of transfer or release (when I filed on January 15, 2002, under advisement of Para Legal). New complaints against a former facility on all other issues shall not be processed or accepted (though Plaintiff's was processed and a responce was given at the Pendleton Correctional Facility.

Except for two trips off-grounds on October 18 and 19, 2001, the Plaintiff was located at MCC continuously from Sunday October 14, 2001, until his transfer to another facility on Wednesday October 24, 2001, during which time he made

several verbal complaints all the way to the highest Custody Supervisor, Major George Payne; but could not make a written complaint due to Physical Injury... The Plaintiff sites; 322 F.3d 863, Days v. Johnson, (C.A.5. (Tex.)2003) because Plaintiff was left handed and received sever injury to left forearm, which hindered his ability to write for 90 days; causing him to learn how to write right handed...

Though Plaintiff did not submitt a grievance at MCC alleging that the defendants used excessive force on him on October 14, 2001, so a copy of it would not be on record, Plaintiff sites; 121 S.Ct. 1819, 532 U.S. 731, Booth v. Churner (U.S. Pa. 2001) and 195 F.Supp. 2d 539, Perez v. Blot (S.D.N.Y. 2002) where exceptions where made to PLRA Exhaustion Requirement; and Discovery was Allowed and again sites; Days v. Johnson, because Administrative Remedies are deemed unavailable based on Physica Injury.

If the Plaintiff had submitted a timely grievance, at the least an investigation would have been conducted, (which was what the interview with Major Payne and Lt. Gambrel was suposed to be for, which was why they took the photographs of my injuries) if that investigation revealed substantial, credible evidence of wrongdoing, the matter would have been referred to higher officials for further action; which it was. Among actions that those higher officials might have taken in responce to

a finding of wrongdoing are transfer of the Plaintiff, (Plaintiff was transfered on October 24, 2001, ten (10) calendar days, (seven (7) working days) after the incident) to another facility, a transfer of offending staff member(s), (they had their work assignments changed to keep them from working on the same Pod he was on) disciplinary action against officers who violated departmental rules or State or Federal Law, and referal of the matter to local authorities for consideration of prosecution (Violation of departmental rules was proven when the alleged rule violations Plaintiff was accused of were dismissed and expunged from his conduct history, because if he did not commit those Rule Violations, what was the reason to perform a forceful cell extraction; Plaintiff Sites: Hudson v. McMillian 112 S. Ct. 995 (1992) where "The Court must consider the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responcible officials, and any efforts made to temper the severity of a forcefull responce."

    As in Hudson v. McMillian, the Court should note that guards "do not have carte blanche authority to punish inmates for refusing to obey orders." The Court should also go on to state that the only "perceived threat to institutional security" was created by the gaurds with "their aggressive attitudes with no attempt to temper the severity of their forceful responce",

o

and that force was applied "maliciously and sadistically for the purpose of causing harm" to Pavey in violation of the Eighth Amendment right to be free from cruel and unusual punishment.

<u>Argument</u>

1. Standard for entry of Summary Judgment

Plaintiff acknowledges defendants explanation of these standards and excepts them as true and accurate.

2. Exhaustion of Available Administrative Remedies

Under Administrative Procedures-Manual of Policies And Procedures 00-02-301 The Offender Grievance Process Section XIV. Guidelines For Writing A Complaint/Grievance: Paragraph 3; "Signatures may be waived when the offender has transfered, does not know how to write, or is <u>physically</u> unable to write either by restraint or infirmity (disability). Disability is clearly defined to include physical injury that incompasitates the ability to write, which would include a broken arm suffered in incident when that arm is conected to plaintiff's writing hand and proper medical attention was not given for five (5) days from the incident and then plaintiff's arm was in a full plaster caste for six (6) weeks, then a plastic brace for another six (6) weeks, which had prevented him from filing a timely initial step 1 in five-step grievance process, and that untimely initial grievance he had filed after

his hand was usable, was returned unprocessed, precluding further administrative appeals. 42 U.S.C.A. § 1983; Civil Rights Of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Prison's administrative remedies are not "available" for purposes of Prison Litigation Reform Act's (PLRA) exhaustion requirement when: (1) inmate's untimely filing of grievance is because of physical injury, and (2) grievance system rejects inmate's subsequent attempt to exhaust his remedies based on untimely filing of grievance. Civil Rights Of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

As in 322 F.3d 863, Days v. Johnson (C.A.5 (Tex.) 2003) The Courts recognized that Webster's New International Dictionary defines the word "available" as, among other things, "immediately utilizable"; and 'that is accessible or may be obtainable 'personally obtainable'." More specifically, administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury.

The meaning of "some action" embraces discipline of Officers, moving an inmate to another unit or facility, (which was done under order of Emergency Transport Of Offender) and even merely holding a hearing.

3. Analysis

The plaintiff did not timely grieve "formally" the alleged use of force, he did however, informally grieved to Lt. Surney, Lt. Gambrel, Sgt. B. Johnson (Jackson), Capt. Galackos, Case Manager (Assistant Superintendant) Pam Bane, and Major George Payne, which is why Plaintiff requested Item 3. in his Plaintiff's First Request For Production Of Documents.

As stated by Defendants in 3. Analysis, Paragraph 2, Sentence 4 "It appears, therefore, that the Plaintiff did file a grievance, but it was rejected because it did not comply with applicable rules," which shows that once his hand healed, he did file step 1 grievance, that was deemed untimely and returned to him indicating that the grievance system was unavailable to Plaintiff because of his temporary injury.

## CONCLUSION

There is in this case genuine dispute as to any material fact. The plaintiff did not fail to exhaust an available administrative remedy, because plaintiff's injury did not heal until after the grievance deadline, so the grievance was "personally unobtainable", therefore proving his Federal Claim. The Plaintiff moves for judgment on the claim or moves that claim be set for trial.

Respectfully submitted,

Christopher R. Pavey, Plaintiff

/s/ Christopher R. Pavey, Pro Se

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Plaintiff's Memorandum In Support Of Responce To Defendants Motion has been duly served upon the person listed below by United States mail, First Class postage pre-paid, on this 7th day of October, 2004:

>Thomas D. Quigley
>Deputy Attorney General
>Office Of Attorney General
>I.D.C.S., 5th Floor
>302 West Washington Street
>Indianapolis, Indiana 46204-2770

/s/ Christopher R. Pavey
Christopher R. Pavey, Plaintiff
I.D.O.C.-W.V.C.F. #885943
P.O. Box 1111  E-207 L
Carlisle, Indiana 47838