UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER PAVEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Cause No. 3:03-CV-0662RM |
| vs. | ) |
| P. CONLEY, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

On June 5, 2006, the plaintiff filed a motion for appointment of counsel. Mr. Pavey has contacted several attorneys but has been unsuccessful in obtaining private counsel. Mr. Pavey's complaint alleges that six guards used excessive force in violation of the Eighth Amendment when they broke his arm during a cell extraction.

There is no constitutional or statutory right to counsel in a civil case. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993); Caruth v. Pinkney, 683 F.2d 1044 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. Mallard v. U.S. District Court, 490 U.S. 296 (1989); DiAngelo v. Illinois Dep't of Public Aid, 891 F. 2d 1260, 1261 (7th Cir. 1989). The decision to appoint counsel is within the sound discretion of the district courts, Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir. 1986), and counsel

is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." LaClair v. United States, 374 F. 2d 486, 489 (7th Cir. 1967); *accord*, McNeil v. Lowney, 831 F. 2d 1368 (7th Cir. 1987).

Courts do not intervene on a litigant's behalf "as of course; they recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." DiAngelo, 891 F.2d at 1262. The court should reserve its power to appoint counsel to those cases

> presenting "exceptional circumstances" as determined by "an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"

Farmer, 990 F.2d at 322 (quoting Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991)). Thus, a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial. Lovelace v. Dall, 820 F.2d 223 (7th Cir. 1987). Although a good lawyer may do better than the average person, that is not the test. If it was, district court's "would be required to request counsel for every indigent litigant." Farmer, 990 F. 2d at 323.

Mr. Pavey's case does not involve "exceptional circumstances." His claims do not appear to be particularly complex, and he appears to be competent to try the case himself. The facts surrounding the excessive use of force seem to be within his personal knowledge; counsel is not needed to investigate the facts.

Skilled cross-examination does not appear to be crucial. To date, Mr. Pavey has articulated his claims quite plainly and has diligently proceeded with the case.

Furthermore, Mr. Pavey has not suggested that any condition impairs his ability to present this case. *See* Castillo v. Cook County Mail Room Dep't, 990 F.2d 304 (7th Cir. 1993) (court may appoint counsel *sua sponte* where there is a colorable claim and the *pro se* filing indicates that the litigant has some difficulty with the English language); Merritt v. Faulkner, 697 F.2d 761, 765 (7th Cir.), *cert. denied*, 464 U.S. 986 (1983) (litigant was blind); Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981) (litigant was a paraplegic).

For the foregoing reasons, the court DENIES the plaintiff's motion for appointment of counsel. Mr. Pavey is of course free to retain counsel on his own.

SO ORDERED.

ENTERED: June 13, 2006

 s/Christopher A Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge