UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SIR CHRISTOPHER R. PAVEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CV-662 RM |
| | ) | |
| P. CONLEY, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

The defendants, by counsel, move to reconsider two of this court's prior orders. It is appropriate for the court to begin where the defendants' brief ends. On March 3, 2006, the court of appeals issued its order reversing this court's grant of summary judgment. Nineteen days later, on March 22, Christopher R. Pavey, a *pro se* prisoner, signed an untimely jury demand. More than three months later, on July 31, the defendants moved to strike that jury demand arguing that it was more than two years late. When the Magistrate Judge denied that motion, they filed a motion to reconsider, which was also denied. Though the Magistrate Judge did not cite FED. R. CIV. P. 39(b) in either of his rulings, it is clear that he exercised the discretion conferred by that rule to order a jury trial. Though the defendants did not file an objection pursuant to FED. R. CIV. P. 72(a), and though they acknowledge that "they may not now assign error to that ruling as matter of right" (docket # 83 at 15), they nevertheless, ask the court to distinguish the Magistrate Judge's ruling from a prior ruling by the undersigned judge in a different case. This court declines to

attempt to render an advisory analysis distinguishing the discretion exercised by two different judges in two different cases.

Returning to the primary focus of the defendants' brief, they argue that disputed issues of fact related to their affirmative defense of exhaustion should be tried to the court rather than to a jury. They concede that there is no binding precedent addressing this specific affirmative defense, but such a narrow focus is unnecessary. Neither their brief nor any of their cited cases squarely address the fundamental principle of federal law that "federal policy favor[s] jury decisions of disputed fact questions . . .." Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 538 (1958).

The defendants argue that the judge should resolve the fact questions related to the affirmative defense of exhaustion because Congress wanted to reduce prisoner litigation. It is unnecessary for this court to address either Congressional intent or even Congressional authority in regard to depriving inmates of their right to a jury determination since the PLRA did not expressly speak to this question. Without an unequivocal statute clearly denying the right to a jury, the presumption is that fact questions are resolved by juries. "Although district courts are expert in finding facts, at the summary judgment stage disputed facts must be reserved for the jury." Nike, Inc. v. "Just Did It" Enterprises, 6 F.3d 1225, 1233 (7th Cir. 1993) (holding that the affirmative defense of parody is a jury question in a trademark case.); *see also* Europlast, Ltd. v. Oak Switch Sys., 10 F.3d 1266 (7th Cir. 1993) (holding that it was proper for the jury to resolve a disputed issue of fact related to an affirmative defense involving insolvency in a contract and tort case.), and Campbell v.

2

Nordco Products, 629 F.2d 1258 (7th Cir. 1980) (holding that the jury should resolve a disputed issue of fact related to an affirmative defense involving assumption of the risk.).

Though the defendants question the applicability of Byrd v. Blue Ridge, that case demonstrates the strength of the federal presumption of jury adjudications. Byrd involved the adjudication of a state law statutorily created cause of action which afforded no jury trial right. Yet neither an unambiguous precedent, nor principles of comity were sufficient to overcome the Supreme Court's stated presumption of jury determinations of disputed facts in federal court.

> The federal system is an independent system for administering justice to litigants who properly invoke its jurisdiction. An essential characteristic of that system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury and, under the influence -- if not the command -- of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury.

Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 537 (1958) (footnote omitted). Though the defendants argue that this case is a constitutional, rather than a statutory or common-law claim, there is no logic in arguing that constitutional claimants should be denied the right to a jury trial while lesser claimants are afforded it.

Further, the defendants argue that the exhaustion question must be resolved before the court may proceed any further with this lawsuit. They argue that because the PLRA states that "No action shall be brought . . . by a prisoner . . . until such administrative remedies as are available are exhausted" 42 U.S.C. § 1997e(a), that not even discovery related to the merits of the case can occur. To the extent possible, that has already

happened in this case. Discovery was stayed and the defendants filed a summary judgment motion. Because exhaustion is an affirmative defense, the burden was on the defendants and it has been determined that they did not carry their burden because a genuine issue of fact exists. Now it is time for this case to proceed because, though it is still necessary to determine whether the plaintiff exhausted his administrative remedies, the time for making that determination shifted when the defendants lost on summary judgment. The defendants might yet prevail on their exhaustion defense, but to do so they must convince the fact finder, in this case a jury, to resolve those disputed issues of fact in their favor. The time for presenting affirmative defenses to the jury is no different in this case than it is in any other: after the plaintiff has rested his case in chief.

Before trial, the plaintiff is entitled to conduct discovery. In this case the plaintiff has outstanding discovery that went unanswered for six months. The motion to compel was granted and the defendants were ordered to respond to the discovery on or before December 15, 2006.

For the forgoing reasons, the motion to reconsider (docket # 82) is **DENIED**.

SO ORDERED.

ENTERED: November  21 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

4