UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SIR CHRISTOPHER R. PAVEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CV-662 RM |
| | ) | |
| P. CONLEY, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

The defendants, by counsel, the Indiana Attorney General, filed a motion asking the court to amend its orders to permit an interlocutory appeal.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

This is a civil rights case brought by an inmate pursuant to 28 U.S.C. § 1983. The defendants assert that the plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). In reversing this court's grant of summary judgment, the court of appeals found that a genuine issue of fact existed as to the exhaustion defense, and remanded the case for further proceedings. This court entered a scheduling order setting discovery and dispositive motion deadlines. When the defendants did not answer discovery, the court granted the plaintiff's motion to compel and denied the defendants'

motion to reconsider the order compelling them to answer discovery. The court then set the case for trial. These three orders give rise to the defendants' desire to take an interlocutory appeal.

Counsel for the defendant has argued unsuccessfully in several cases that the affirmative defense of failure to exhaust administrative remedies must be resolved before a defendant can be compelled to respond to discovery addressing the merits of a prisoner plaintiff's claims. They further contend that when a genuine issue of fact exists as to the exhaustion defense, that question must be resolved before the presentation of any other evidence. Finally, they assert that where a genuine issue of fact exists as to the exhaustion defense, that question of fact must be resolved by the judge and not by a jury.

Counsel for the defendant appears to recognize that these assertions are not consistent with the standard procedures for conducting a federal trial and acknowledges that no controlling authority exists on these questions. Nevertheless, counsel argues that these deviations from normal trial procedure are required by the mandate that "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

These are controlling questions of law. "As these are questions of first impression, the application of these statutes to the facts alleged here is certainly contestable, and the resolution of these issues will facilitate the conclusion of the litigation." Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1007-1008 (7th Cir. 2002).

2

But for an interlocutory appeal, these questions (which have been raised in other cases as well) would almost always escape appellate review. Because of the far-reaching impact on prisoner litigation that these new interpretations would impose, and because of the frequency and forcefulness with which they have been presented by the Indiana Attorney General, the court is persuaded that it is appropriate to permit the defendants to seek an interlocutory appeal on these questions.

For the foregoing reasons, the court:

(1) GRANTS the motion (docket # 85);

(2) AMENDS this court's orders of November 16, 2006 (docket # 80), November 16, 2006 (docket # 81), and November 21, 2006 (docket # 84) to add the following paragraph to each:

> Pursuant to 28 U.S.C. § 1292(b), the court certifies these three questions for interlocutory appeal:
> 1. Whether 42 U.S.C. § 1997e(a) precludes discovery addressing the merits of a prisoner plaintiff's claims until after the resolution of the affirmative defense of failure to exhaust administrative remedies.
> 2. Whether 42 U.S.C. § 1997e(a) requires that genuine issues of fact related to the affirmative defense of exhaustion of administrative remedies must be resolved before the presentation of any other evidence at trial.
> 3. Whether 42 U.S.C. § 1997e(a) requires that genuine issues of fact related to the affirmative defense of exhaustion of administrative remedies must always be resolved by a judge and not by a jury.

and,

(3) ORDERS that these amended orders be deemed entered as of this date for purposes of computing the time for filing a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b).

SO ORDERED.

ENTERED: December  14 , 2006

                                              /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court