# United States Court of Appeals FILED

For the Seventh Circuit

Chicago, Illinois 60604



2008 OCT -9 PM 1:41

NOTICE OF ISSUANCE OF MANDATE

DATE:      October 8, 2008

TO:        Stephen R. Ludwig
           United States District Court
           Northern District of Indiana
           Room 102
           South Bend Division
           102 Federal Building
           South Bend, IN  46601
           USA

FROM:      Clerk of the Court

RE:        07-1426
           Pavey, Christopher v. Conley, Patrick
           03 C 662, Robert L. Miller, Chief Judge

           Herewith is the mandate of this court in this appeal, along
           with the Bill of Costs, if any.  A certified copy of the
           opinion/order of the court and judgment, if any, and any
           direction as to costs shall constitute the mandate.

           [ ] No record filed
           [X] Original record on appeal consisting of:
ENCLOSED:                                         TO BE RETURNED AT LATER DATE:
           [2]     Volumes of pleadings                [ ]
           [ ]     Volumes of loose pleadings          [ ]
           [ ]     Volumes of transcripts              [ ]
           [ ]     Volumes of exhibits                 [ ]
           [ ]     Volumes of depositions              [ ]
           [ ]     In Camera material                  [ ]
           [ ]     Other_____
                   _____
                   Record being retained for use       [ ]
                   in Appeal No. _____

           Copies of this notice sent to:        Counsel of record
           [ ]     United States Marshal
           [ ]     United States Probation Office

**NOTE TO COUNSEL:**
           If any physical and large documentary exhibits have been filed in
           the above-entitled cause, they are to be withdrawn ten days from the
           date of this notice.  Exhibits not withdrawn during this period will
           be disposed of.

           Please acknowledge receipt of these documents on the enclosed copy
           of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
           Received above mandate and record, if any, from the Clerk, U.S.
           Court of Appeals for the Seventh Circuit.

CERTIFIED COPY

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT - WITH ORAL ARGUMENT

Date: June 5, 2008

BEFORE:         RICHARD A. POSNER, Circuit Judge

                KENNETH F. RIPPLE, Circuit Judge

                DANIEL A. MANION, Circuit Judge

No. 07-1426

CHRISTOPHER R. PAVEY,
         Plaintiff - Appellee

   v.

PATRICK CONLEY, ROBERT WATTS, LAURENCE GROTT, et al.,
         Defendants - Appellants


Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division
No. 03 C 662, Robert L. Miller, Chief Judge

       The judgment of the District Court is REVERSED, with costs,
   and REMANDED, in accordance with the decision of this court entered on
   this date.


(1061-110393)

# United States Court of Appeals

**CERTIFIED COPY**  For the Seventh Circuit

Chicago, Illinois 60604



BILL OF COSTS

Date: October 8, 2008

Taxed in favor of: Appellants - Shepard, Casiano, Javadis Beaty, Laurence
                   Grott, Robert Watts, Patrick Conley

Appeal No. 07-1426

CHRISTOPHER R. PAVEY,
                Plaintiff - Appellee
   v.

PATRICK CONLEY, ROBERT WATTS, LAURENCE GROTT, et al.,
            Defendants - Appellants


Appellate Court No.:  07-1426                    Docketed on: 2/26/07
Short Caption:        Pavey, Christopher v. Conley, Patrick
District Court Judge: Robert L. Miller
District Court No.:   03 C 662

|    |                                                                       | Cost Of Each Item |            |
|----|-----------------------------------------------------------------------|-------------------|------------|
| 1. | For docketing a case on appeal or review or docketing any other proceeding _____ | _____ | _____ |
| 2. | For reproduction of any record or paper, per page _____     | _____           | _____    |
| 3. | Reproduction of briefs:                                               | $ 601.20          |            |
|    |                                                                       | Total             | $ 601.20   |

(1077-081992)



**CERTIFIED COPY**

In the

# United States Court of Appeals
## For the Seventh Circuit

No. 07-1426

CHRISTOPHER PAVEY,

                              *Plaintiff-Appellee,*

v.

PATRICK CONLEY, et al.,

                              *Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:03-CV-0662-RLM-CAN—**Robert L. Miller, Jr.,** *Chief Judge.*

ARGUED APRIL 9, 2008—DECIDED JUNE 5, 2008

Before POSNER, RIPPLE, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* The question presented by this interlocutory appeal under 28 U.S.C. § 1292(b) is whether a prisoner plaintiff in a suit for damages governed by the Prison Litigation Reform Act is entitled by the Seventh Amendment to a jury trial on any debatable factual issues relating to the defense of failure to exhaust administrative remedies. The district court answered yes.

The prisoner filed this suit under 42 U.S.C. § 1983 against guards who he claimed had used excessive force in removing him from his cell, as a result breaking his arm. In

their answer the defendants claimed that the prisoner had failed to exhaust his administrative remedies because he hadn't filed a timely grievance with the prison authorities. He countered with an affidavit which stated that he had been unable to exhaust those remedies because he could not prepare the grievance himself, as he is left-handed and it was his left arm that was broken; and that he was transferred to another prison before a promised investigation of the incident was conducted, which presumably prevented him from obtaining the facts that he needed in order to be able to press a grievance effectively. The defendants respond that any factual issues relating to the defense of failure to exhaust administrative remedies should be resolved by the judge at the outset of the litigation without a jury unless of course the judge decides to convene an advisory jury.

The Prison Litigation Reform Act provides that "no action shall be brought [under federal law] with respect to prison conditions … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the failure to satisfy this requirement is an affirmative defense, *Jones v. Bock*, 549 U.S. 199 (2007), which means that the plaintiff need not plead that he exhausted his administrative remedies. Only one appellate court has weighed in on the question whether there is a right to a jury trial if genuine issues of material fact concerning compliance with the duty to exhaust are presented: in *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003), the Ninth Circuit held that because previous Ninth Circuit cases had held that a failure to exhaust remedies is a "matter in abatement," properly raised not by a motion for summary judgment but by a motion under Fed. R. Civ. P. 12(b) (an

"unenumerated Rule 12(b) motion," the court called it), the judge must decide exhaustion even if that requires him to make findings of fact.

The Ninth Circuit's approach is not persuasive, although we agree with its result. Rule 12(b) does not say anything about who finds the facts. It just permits certain defenses, such as lack of subject-matter or personal jurisdiction, to be presented by motion rather than only in the answer to the complaint. Yet the defendants are right that not every factual issue that arises in the course of a litigation is triable to a jury as a matter of right, even if it is a suit at law (rather than in equity) within the meaning of the Seventh Amendment. The clearest example is subject-matter jurisdiction; often it turns on factual issues that may be genuinely debatable, but even if so the issues are resolved by the judge. E.g., *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-90 (1936); *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134-35 (7th Cir. 1996). The same is true of factual issues relating to the defense of lack of personal jurisdiction or venue, e.g., *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002); *Marra v. Papandreou*, 216 F.3d 1119, 1122 (D.C. Cir. 2000)—though these defenses are not jurisdictional in the sense of requiring the judge to decide them even if the parties do not make an issue of them—and to motions to abstain in favor of another court, or an agency. E.g., *Ambrosia Coal & Construction Co. v. Pages Morales*, 368 F.3d 1320, 1331-32 (11th Cir. 2004); cf. *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998). A decision to relinquish supplemental jurisdiction to the state courts, see 28 U.S.C. § 1367, is likewise made by the judge even if there are contestable factual questions bearing on the decision.

The generalization that emerges from these examples and others that might be given is that juries do not decide

what forum a dispute is to be resolved in. Juries decide cases, not issues of judicial traffic control. Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to. In this case, should the defendants' contention that the prisoner inexcusably failed to file a timely grievance be sustained, he would no longer have any administrative remedies. But in many cases the only consequence of a failure to exhaust is that the prisoner must go back to the bottom rung of the administrative ladder; and in such a case one could envision a series of jury trials before there was a trial on the merits: a jury trial to decide exhaustion, a verdict finding that the prisoner had failed to exhaust, an administrative proceeding, the resumption of the litigation, and another jury trial on failure to exhaust. That distinguishes the issue of exhaustion from deadline issues that juries decide. A statute of limitations defense if successfully interposed ends the litigation rather than shunting it to another forum. If the defense is rejected, the case proceeds in the court in which it is filed.

A peculiarity of this case is a possible overlap between the factual issues relating to exhaustion and those relating to the merits of the excessive-force claim. The broken arm is of course germane to both, and while the fact that it was broken is conceded, the severity of the break could well be an issue common to both the allegedly inexcusable failure to exhaust and the excessiveness of the force that caused the break. By analogy to the cases that require that claims at law be decided before equitable claims when both types of claim are presented, so that the judge's decision on the latter does not preclude or otherwise affect the jury's determination of the former, e.g., *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508-11 (1959); *Williams Electronics*

*Games, Inc. v. Garrity*, 366 F.3d 569, 577-78 (7th Cir. 2004), we think that any finding that the judge makes, relating to exhaustion, that might affect the merits may be reexamined by the jury if—and only after—the prisoner overcomes the exhaustion defense and the case proceeds to the merits. The alternative of trying the merits before exhaustion, as under the *Beacon Theatres* line of cases, is unsatisfactory in the present setting because it would thwart Congress's effort to bar trials of prisoner cases in which the prisoner has failed to exhaust his administrative remedies. *Jones v. Bock, supra; Porter v. Nussle*, 534 U.S. 516, 523-25 (2002); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A jury might decide the merits of a case that should never have gotten to the merits stage because the judge should have found that the prisoner had failed to exhaust his administrative remedies.

The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits;

6                                                    No. 07-1426

and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

We emphasize that discovery with respect to the merits must not be begun until the issue of exhaustion is resolved. If merits discovery is allowed to begin before that resolution, the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will be thwarted.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.